IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-1218-08, PD-1219-08, PD-1220-08, and PD-1221-08






FRANK TRINIDAD AND JOHNNY ADAMS, JR., Appellants



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


ATASCOSA AND WILSON COUNTIES





 Johnson, J., filed a concurring opinion.


C O N CU R R I N G O P I N I O N




 These cases are before the Court because of a missing piece in the statutory amendments to
Article 33.011(b); what is the trial judge to do with the retained alternate jurors? The trial judge in
this case apparently considered judicial economy and decided to have the alternate juror retire with
the "real" jurors; if a juror became disabled after deliberations began and the alternate juror was not
privy to the discussions up to that point, the jury would have to begin again so as to acquaint the
alternate juror with the current status of the discussions. The later in deliberations that the disability
of a juror occurred, the longer the catching-up would take.

 An equally valid argument could be made that an alternate juror should remain outside of the
jury room during deliberations unless, and until, a juror became disabled. The disability of a juror
is an uncommon event, and having the alternate juror remain outside would avoid just the situation
we address here.

 In any event, we are left to discern, if we can, what the legislature intended. More concise
language about what to do with the retained alternate juror would be most helpful.

 I concur in the judgment of the Court.


Filed: June 9, 2010

Publish